UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Susan Whelan,<br> Co-*Plaintiff*<br>Russell Perry<br> Co-*Plaintiff*<br>v.<br><br>Portfolio Recovery Associates, LLC<br> *Defendant*<br>Serve:<br> Corporation Service Company<br> 2711 Centerville Road, Suite 400<br> Wilmington, DE 19808 | Case No.   3:13CV-1096-H |

## COMPLAINT and CLASS ACTION

### INTRODUCTION

1. This is an action by consumers seeking damages for themselves and for a class of similarly-situated Kentucky consumers (the "Class") for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from false misleading, or deceptive communications in collection practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Co-Plaintiff Susan Whelan is a natural person who resides in Jefferson County, Kentucky, and is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Co-Plaintiff Russell Perry is a natural person who resides in Jefferson County, Kentucky, and is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §

1692a(3).

5. Defendant Portfolio Recovery Associates, LLC ("PRA") is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing or otherwise acquiring debts from creditors and collecting these debts from citizens of this commonwealth. PRA's principal place of business is 120 Corporate Boulevard, Norfolk, VA 23502.

6. PRA regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. On July 19, 2013, PRA filed suit against Ms. Whelan in Jefferson Circuit Court, Jefferson County, Kentucky, under case number 13-C-006281 and on July 19, 2013 PRA filed suit against Mr. Perry in Jefferson Circuit Court, Jefferson County, Kentucky, under case number 13-C-006281 (Individually the "State Court Action"; Together the "State Court Actions").

8. In each State Court Action PRA's complaint sought repayment of a consumer debt allegedly originally owed to GE Capital Retail Bank.

9. On September 30, 2013, PRA filed a motion for default judgment against Ms. Whelan in that State Court Action. On October 17, 2013 PRA filed a motion for default judgment against Mr. Perry in that State Court Action. In both State Court Actions counsel for the plaintiffs certified service of the motion for default upon Defendants per Kentucky's Rules of Civil Procedure.

10. In both State Court Actions PRA's "Certificate for Default Judgment" attached to its motions for default judgment (Exhibit "A"), averred the following:

> "3. The **balance due** is as follows:
> c. The **balance due from Defendant** is:
> Principal Balance: $1,590.21
> Total Interest: $0.00
> **Court Cost: $115.50**
> **Total Due: $1,705.71**     (emphasis added)

11. Under Kentucky law, a party to a civil action is not entitled to recover its court costs expended unless it has prevailed on its claims, or unless otherwise awarded by the court. KRS 453.040(1)(a); Kentucky Rule of Civil Procedure 54.04(1).

12. On the date of the filing and/or service of its motion for default judgment and the accompanying Certificate for Default Judgment, PRA had not prevailed on its claims against Ms. Whelan or Mr. Perry.

13. So, contrary to the averments of PRA's "Certificate for Default Judgment" in PRA's State court actions against Ms. Whelan and Mr. Perry, no court costs were due and owing at the time of the filing and/or serving of the "Certificate for Default Judgment".

## CLAIMS FOR RELIEF:

### Violation of the Fair Debt Collection Practices Act

14. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. §1692e(2)(A): in that PRA falsely represented the character, amount, or legal status of Whelan and Perry's debt by claiming at the time of the filing of the "Certificate for Default Judgment" that court costs were due and owing to PRA from Ms. Whelan or Mr. Perry;

    **b.** Violation of 15 U.S.C. §1692f(1): by PRA adding court costs to Ms. Whelan and Ms. Perry's debt not permitted by contract or law.

15. PRA's violations of the FDCPA against Plaintiffs entitle the Plaintiffs to statutory damages and reasonable attorney's fees as provided by the FDCPA.

## CLASS ACTION ALLEGATIONS AND REQUEST FOR CLASS CERTIFICATION

16. Plaintiffs restate and re-allege each and every allegation in paragraphs 1 – 15 *supra*.

17. On information and belief PRA has filed and/or served numerous collection lawsuits in Kentucky courts against Kentucky citizen consumers in which "Certificates for Default Judgment" or other such document were also filed and/or served which included the false certification that "court costs" were due and owing at the time of the filing and/or serving of the "Certificate for Default Judgment".

18. Plaintiffs Susan Whelan and Russell Perry assert a class action claim against Portfolio Recovery Associates, LLC ("PRA") pursuant to FRCP 23 et seq. on behalf of all those Kentucky citizen consumers similarly situated in which a "Certificate for Default Judgment" or

similar document was filed and/or served to a Kentucky citizen consumer that included the false communication to the consumer that "court costs" were due and owing at the time the "Certificate for Default Judgment" was filed and/or served.

19. The Class consists of all Kentucky citizen consumers whom PRA has sued in Kentucky courts for collection of alleged debts and against whom PRA has filed and/or served a "Certificate for Default Judgment" or such other document that included the false communication to the consumer that "court costs" were due and owing at the time the "Certificate for Default Judgment" or such other document was filed and/or served from a period beginning one year prior to the filing of this Complaint to and through the entry of judgment in this action.

20. The Class is so numerous as to make joinder impracticable.

21. There are questions of law and fact common to the Class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether a party who has not prevailed in a Kentucky State court consumer collection lawsuit who represents court costs as "due and owing" in documents filed and/or served in that State court lawsuit violates the FDCPA.

22. Plaintiffs' claims are typical of the claims of the Class members as they are based on the similar facts and the same legal theories.

23. Plaintiffs will fairly and adequately represent the Class members.

24. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

25. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;
    b. Members of the Class are likely to be unaware of their rights;
    c. Separate actions prosecuted by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant;
    d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Susan Whelan and Russell Perry request the Court grant them

relief individually and the proposed Class as follows:

    a.    Judgment against Portfolio Recovery Associates, LLC and in favor of Plaintiffs individually;

    b.    Certification of the described proposed Class;

    c.    Judgment in favor of the Class members;

    d.    Award Plaintiffs and the Class members actual damages;

    e.    Award Plaintiffs and the Class members statutory damages, costs, and attorney's fees as provided by the FDCPA, 15 U.S.C. §1692k(a);

    f.    Award Plaintiffs and the Class members reasonable attorneys' fees and costs;

    g.    A trial by jury on all issues so triable;

    h.    Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:    (502) 371-2179
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:    (502) 473-6525
james@kyclc.com